﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190626-10410
DATE: January 31, 2020

ORDER

Entitlement to service connection for posttraumatic stress disorder (PTSD), is granted.

FINDING OF FACT

Resolving all reasonable doubt in favor of the Veteran, the Veteran’s PTSD is etiologically related to his active duty service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for posttraumatic stress disorder (PTSD) have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.303, 3.304.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from May 1974 to May 1978. 

This case comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2018 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

The Board acknowledges that on August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 155-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program.

In March 2018, the Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the June 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appeals this RAMP rating decision to the Board and requested direct review of the evidence considered by the RO. The Board notes that under direct review, the Board may only consider the evidence of record as of the date of the applicable rating decision (June 2018); therefore, any additional evidence submitted after this time will not be considered in this decision. Upon review of the claims file, the Board notes that in August 2018 and October 2018, the Veteran submitted correspondence noting an additional in-service stressor; and in June 2019, additional VA treatment records were uploaded to the Veteran’s claims file. However, as this new evidence was not evidence available for consideration during the June 2018 rating decision, the Board cannot consider this additional evidence submitted during the period when new evidence is not allowed.

Entitlement to service connection for posttraumatic stress disorder (PTSD).

The Veteran contends that he currently has PTSD that is directly related to the traumatic events he experienced during active duty service; specifically, onboard the USS Midway while traveling to Vietnam. 

To establish service connection for PTSD, the record must contain the following: (1) medical evidence diagnosing PTSD; (2) credible supporting evidence that the claimed in-service stressor occurred; and (3) medical evidence of a link between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304(f).

The Board notes that the record includes findings that the Veteran has a current diagnosis of PTSD, as shown in various VA examinations (dated August 2013, March 2016, and July 2017) and various VA treatment records from his treating psychologist. Additionally, the Board recognizes that VA has conceded to the Veteran’s in-service stressor events onboard the USS Midway. 

In July 2017, in support of the Veteran’s claim, he submitted an extensive psychological report from the Psychology Professional of Northeast Texas, where a clinical neuropsychologist and a doctoral resident thoroughly examined the Veteran and reviewed his medical records to provide a detailed assessment of the Veteran’s PTSD. Upon examination, they diagnosed the Veteran with PTSD with dissociative symptoms; and opined that the Veteran’s diagnosis of PTSD is directly related to the traumatic events experienced during his active duty service in the U.S. Navy. They rationalized that this report is based on neuroanatomical/physiological testing, raw scores from certain measures of ability and personality attributes, emotional/personality testing, and review of relevant data made available to them (to include the Veteran’s medical records); all of which revealed that the Veteran’s overall clinical profile is complex, with PTSD lying at the heart of his symptoms. 

Based on the above, the Board finds that July 2017 report is highly probative, and resolving all reasonable doubt in favor of the Veteran, service connection for the 

 

Veteran’s PTSD is warranted; and the claim is granted. Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990); 38 U.S.C. § 5107 and 38 C.F.R. § 3.102. 

 

M. H. HAWLEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Hodges, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.